US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 0 8 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIAN JOHN McDONALD                                                                 PLAINTIFF

VS.                                        CASE NO. 2013-2097

GERBER PRODUCTS COMPANY
d/b/a NESTLE' INFANT NUTRITION
d/b/a NESTLE' NUTRITION USA
d/b/a NESTLE' NUTRITION USA – INFANT NUTRITION
d/b/a NESTLE' NUTRITION USA – PERFORMANCE NUTRITION                                DEFENDANT

COMPLAINT

Comes now Plaintiff, Brian John McDonald, and for his complaint against Defendant Gerber Products Company d/b/a Nestle' Infant Nutrition d/b/a Nestle' Nutrition USA d/b/a Nestle' Nutrition USA – Infant Nutrition d/b/a Nestle' Nutrition USA – Performance Nutrition ("Gerber"), states and alleges as follows:

1. Plaintiff, Brian John McDonald is a citizen and resident of Booneville, Arkansas 72927.

2. Defendant Gerber is a foreign for-profit corporation authorized to do business in Arkansas, and owns and operates the Facility located in Fort Smith, Sebastian County, Arkansas. Gerber may be served with Summons and Complaint by serving its agent for service of process, Corporation Service Company, 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

3. At all times relevant, Defendant has been an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* The Defendant regularly employs in excess of 500 employees.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Relief is authorized under 42 U.S.C. § 2000(e) *et seq.*

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that the acts complained of occurred principally in counties within the U.S. District Court for the Western District of Arkansas.

6. Brian John McDonald became employed with Gerber Products Company on or about June of 2005.

7. McDonald enjoyed an excellent work performance record with Gerber until he complained to a human resources manager about his supervisor using vulgar language, and making sexually suggestive comments. McDonald was terminated from his employment soon thereafter, but was informed that the reason for his employment discharge was because he allegedly walked off of the job on or about January 6, 2012. The reason given was false, because Plaintiff was given express permission, along with other coworkers, to leave early on January 6, 2012. Plaintiff was actually one of the last employees within their department to leave on January 6, 2012. Plaintiff did not "walk off the job" without permission. He could have, but did not, leave early based on available vacation days, or other permissible reasons.

8. On or about April of 2011 through about December 2011, McDonald's supervisor, Patsy Price, made repetitive vulgar statements of a sexual nature in the presence of McDonald.

9. McDonald spoke with warehouse manager, Susan Schuld, to complain about Ms. Price's language and sexually related comments. Ms. Schuld stated she would "look into it."

10. The comments by Ms. Price continued.

11. McDonald grew tired of being subjected to the repeated sexually harassing statements, and complained to a union steward (Merle Barenberg) about the conduct of Price. At that time, the union steward suggested to McDonald that he make tape recordings of the statements such that the recordings could be given to human resources to make the conduct stop.

12. McDonald went about obtaining recordings of Patsy Price.

13. On or about January 6, 2012, Price informed the employees on her crew upon their arrival (during the shift "handoff") that the employees would be permitted to leave early to see the Arkansas Razorbacks play football in the 2012 Cotton Bowl.

14. Mr. McDonald really had no particular interest in leaving early on January 6, 2012, but went along with the request to work through breaks and the lunch period in order to permit others to leave early as suggested by Price.

15. McDonald completed the loading of all trailers he was asked to load on January 6, 2012, and therefore completed his job duties assigned to him on January 6, 2012. Other coworkers on his crew began to leave prior to the regular time to clock out. After observing other coworkers leave, McDonald finished loading his assigned trailer. McDonald witnessed that others had left, as previously discussed by Price. McDonald went to obtain the seal for the trailer from Charles Jordan, a shipping manager, who provided the seal, and told McDonald "That's it for tonight, I will see you on Monday." Accordingly, McDonald then left the facility, and observed that he was among the last of the employees within his department to leave the facility.

16. On January 9, 2012, McDonald performed his regular job duties without incident; but requested a meeting with Susan Schuld. The purpose of the meeting was to tell Ms. Schuld that Price had not stopped using vulgar language and that McDonald had obtained audio recordings of Ms.

Price. Ms. Schuld pulled Mr. McDonald from his work area, and called Melanie Gonzalez to meet with she and Mr. McDonald.

17. McDonald believed that there would be an interest by Ms. Schuld in knowing the complaint about the vulgar statements made by Patsy Price. McDonald explained that he had obtained tape recordings of Patsy Price for the purposes of proving the fact that Price made vulgar statements of a sexual nature. Ms. Schuld suggested that they have a meeting the next day with the human resources department. Later that day, Schuld asked McDonald to bring the recordings to the meeting.

18. On January 10, 2012, McDonald came in to meet with the human resources office, for the purpose of attending a meeting to discuss Patsy Price and the audio recordings. At that point, the questioning of McDonald turned to the issue of whether it was appropriate or within "Gerber policy" to obtain "secret" recordings of a supervisor. After the meeting, McDonald was told to go home because he had "recorded a supervisor." McDonald did as he was instructed. McDonald was told that an investigation would ensue.

19. McDonald made calls to Gerber to check on his job status after January 10, 2012, on essentially a daily basis. Finally, on February 14, 2012, McDonald was informed that he was terminated from his employment for "walking off the job" on January 6, 2012. Prior to that time, McDonald was never told of any problem with walking off the job.

20. The actions and conduct of Plaintiff in reporting to human resources and the warehouse supervisor (Susan Schuld) that Patsy Price repeatedly and habitually made vulgar comments of a sexual nature was protected activity under Title VII of the Civil Rights Act of 1964.

21. McDonald asserts that the reason given for his job termination was a false pretext to hide the true reason – which was in retaliation for reporting and taking steps to stop sexual harassment by his supervisor, Patsy Price.

22. McDonald asserts and believes that he and coworkers in his department were actually permitted to leave early on January 6, 2012. Time records should be produced to demonstrate that others were not terminated for the same reason McDonald was terminated.

23. The actions taken by the agents and representatives of Defendant violated Title VII of the Civil Rights Act of 1964, and such violations in terminating the employment of Mr. McDonald, caused McDonald to suffer damages in the form of loss of wages and benefits, mental anguish, and loss of enjoyment of life, and entitles McDonald to sue for back pay, general compensatory damages, front pay, reinstatement to employment, and the statutory remedies available under Title VII of the Civil Rights Act, and under the Arkansas Civil Rights Act, for which McDonald now sues.

24. McDonald is entitled to recover his costs and attorney's fees expended or incurred herein.

25. The action taken by Defendant in terminating the employment of Mr. McDonald was done so under an actual belief that such action may, in fact, violate the provisions of Title VII of the Civil Rights Act and/or the Arkansas Civil Rights Act and accordingly, the conduct was willful or performed with malice.

WHEREFORE, Brian John McDonald, requests that Gerber Products Company be summoned to answer and appear herein, and upon final trial or hearing that Brian John McDonald have and recover back pay, general compensatory damages as allowed by law, front pay, punitive

damages, costs and attorney's fees, statutory remedies, including reinstatement, and for such other and further relieve to which Plaintiff is justly entitled to receive.

                        RESPECTFULLY SUBMITTED,

                        BRIAN JOHN McDONALD, *Plaintiff*
                        Byars, Hickey, & Hall, PLLC
                        Attorneys at Law
                        401 Lexington Avenue
                        Fort Smith, AR   72901
                        Tel:   (479) 494-1800
                        Fax:   (479) 783-0694
                        jbyars@bhhfirm.com

By: _____
       JOE D. BYARS, JR.
       *Counsel for Plaintiff*